Case 4:16-cv-03764   Document 1-3   Filed in TXSD on 12/30/16   Page 1 of 20

11/10/2016 10:39:14 AM
Chris Daniel - District Clerk Harris County
Envelope No. 13725577
By: Bonisha Evans
Filed: 11/10/2016 10:39:14 AM

CAUSE NO. _____

| | | |
|---|---|---|
| JANICE CROWDER | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| RICHARD CHAMBLEE, US ADJUSTING | § | |
| SERVICES AND CLARENCE PORTER | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JANICE CROWDER, hereinafter referred to as Plaintiff, complaining of Lexington Insurance Company ("Lexington"), Richard Chamblee ("Chamblee"), US Adjusting Services ("US Adjusting") and Clarence Porter ("Porter") (hereinafter collectively referred to as Defendants) and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

## DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2. Plaintiff is a resident of Harris County, Texas.

3. Defendant, Lexington is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant Lexington does not maintain an agent for service as required by the Texas Insurance Code. Accordingly, Defendant Lexington may be served with process by serving the Texas Commissioner of Insurance, David Mattax, at 333 Guadalupe Street, Austin, Texas 78701, who can forward process to Lexington at its registered address, which is: Lexington Insurance Company, 99 High Street, Floor 23, Boston, Massachusetts 02110-2378.

4. Defendant Richard Chamblee is an individual residing in Angelina County, Texas and may be served with process at the following address: 6589 Ted Trout Dr., Lufkin, Texas 75904.

5. Defendant US Adjusting is a domestic company engaging in the business of adjusting insurance claims in the State of Texas. Defendant US Adjusting may be served with process by serving its CEO Sue Hamilton at the following address: 4090 S. Regent St., Wichita Falls, Texas 76308.

6. Defendant Clarence Porter is an individual residing in Jefferson County, Texas and may be served with process at the following address: 6350 Garner, Groves, Texas 77619.

## JURISDICTION

7. Plaintiff stipulates that the damages in this matter are over $1,000,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes this required stipulation under TRCP 47.

8. The court has jurisdiction over Lexington because this Defendant is an insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

9. The court has jurisdiction over Chamblee because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

10. The court has jurisdiction over US Adjusting because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

11. The court has jurisdiction over Defendant Porter because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

12. Venue is proper in Harris County, Texas, because the insured's property is situated in Harris County, Texas. TEX.CIV.PRAC.REM.CODE§15.032.

## FACTS

13. Plaintiff is the owner of a Texas Homeowners' insurance policy (hereinafter referred to as "the Policy"), which was issued by Lexington. Plaintiff owns the insured property, which is specifically located at 1918 Ray Shell Ct., Seabrook, Texas 77586 (hereinafter referred to as "the Property").

14. Defendant Lexington sold the Policy insuring the Property to Plaintiff.

15. On or about December 23, 2016, Plaintiff experience a sudden water leak which caused damage to the Property and constituted a covered loss under the Policy issued by

Lexington. Plaintiff subsequently opened a claim and Lexington assigned Chamblee to adjust the claim. The claim was referred to US Adjusting, who in turn assigned Defendant Porter to adjust the claim. Lexington wrongfully denied Plaintiff's claim and refused to issue a full and fair payment for the loss.

16. Chamblee, US Adjusting and Porter made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Specifically, Chamblee, US Adjusting and Porter knowingly and intentionally overlooked damage and the property and used their own inadequate and biased investigation as the basis for erroneously denying Plaintiff's claim. Chamblee, US Adjusting and Porter wrongly denied Plaintiff's entire claim when they lacked sufficient evidence of prejudice to do so. Chamblee, US Adjusting and Porter refused to provide payment to Plaintiff so that they could place the interest of Lexington above those of Plaintiff. Accordingly, Chamblee, US Adjusting and Porter are liable to Plaintiff for failing to state a reasonable basis in fact and in policy for their denial of Plaintiff's claim. As a result of Chamblee, US Adjusting and Porter's conduct, Plaintiff's claim was denied.

17. Lexington failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policies in effect during Plaintiff's loss. Specifically, refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been carried out and accomplished by Plaintiff. Lexington's conduct constitutes a breach of the insurance contract between Lexington and Plaintiff.

18. Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(1).

19. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

20. Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(3).

21. Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

22. Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants

performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' loss on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

23. Lexington failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Lexington's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

24. Lexington failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Lexington's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.056.

25. Lexington failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Lexington has delayed full payment of Plaintiffs' claim longer than allowed and, to date Plaintiffs has not yet received full payment for her claim. Lexington's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §541.058.

26. From and after the time Plaintiffs' claim was presented to Lexington, the liability of Lexington to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Lexington has refused to pay Plaintiffs in full, despite there being no

basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Lexington's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiffs.

28. As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the law firm who is representing them with respect to these causes of action.

29. Plaintiffs' experience regarding their claim with Lexington is not an isolated case. The acts and omissions Lexington committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Lexington with regard to handling these types of claims. Lexington's entire process is unfairly designed to reach favorable outcomes for the insurance companies at the expense of the policyholders.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANTS US ADJUSTING, CHAMBLEE AND PORTER

### TEXAS INSURANCE CODE VIOLATIONS

26. US Adjusting, Chamblee and Porter's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

27. US Adjusting, Chamblee and Porter are individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Defendant Lexington, because individually, they meets the definition of a "person" as defined by TEX.INS.CODE

§541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

28. US Adjusting, Chamblee and Porter's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

29. US Adjusting, Chamblee and Porter's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

30. The unfair settlement practice of US Adjusting, Chamblee and Porter as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

31. US Adjusting, Chamblee and Porter's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

32. US Adjusting, Chamblee and Porter's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

## FRAUD

33. US Adjusting, Chamblee and Porter are liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which US Adjusting, Chamblee and Porter knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, which constitutes common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT LEXINGTON

36. Lexington is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

37. Lexington's conduct constitutes a breach of the insurance contract made between Defendant Lexington and Plaintiff.

38. Lexington's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Lexington's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39. Lexington's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

40. Lexington's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

41. Lexington's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Lexington's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

42. Lexington's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

43. Lexington's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

44. Lexington's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

45. Lexington's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX.INS.CODE §542.060.

46. Lexington's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX.INS.CODE §541.055.

47. Lexington's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claims within the applicable time constraints and a violation of the TEX.INS.CODE §541.056.

48. Lexington's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX.INS.CODE §541.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49. Lexington's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

50. Lexington's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Lexington's knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## FRAUD

51. Lexington is liable to Plaintiff for common law fraud.

52. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Lexington knew were false or made recklessly without any knowledge of their truth as a positive assertion.

53. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, which constitutes common law fraud.

## KNOWLEDGE

54. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

55. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

56. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of their claim, together with attorney fees.

57. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three times their actual damages. TEX.INS.CODE §541.152.

58. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum of the amount of their claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

59. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

60. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

61. For the prosecution and collection of these claims, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore,

Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

62. Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, statutory penalties and interest, and for any other and further relief, either at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

By:   */s/ Daniel P. Barton*
     DANIEL P. BARTON
     State Bar No.: 00789774
     WAYNE D. COLLINS
     State Bar No.: 00796384
     1201 Shepherd Drive
     Houston, Texas 77007
     (713) 227-4747- Telephone
     (713) 621-5900- Telecopier
     dbarton@bartonlawgroup.com
     wcollins@bartonlawgroup.com
     **ATTORNEYS FOR PLAINTIFF**

Case 4:16-cv-03764   Document 1-3   Filed in TXSD on 12/30/16   Page 15 of 20

11/10/2016 10:39:14 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 13725577
By: EVANS, BONISHA E
Filed: 11/10/2016 10:39:14 AM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____  COURT *(FOR CLERK USE ONLY)*: _____

STYLED: Janice Crowder v. Lexington Insurance Company, Richard Chamblee, US Adjusting Services and Clarence Porter
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

**Name:** Daniel P. Barton
**Email:** lea@bartonlawgroup.com
**Address:** 1201 Shepherd Drive
**Telephone:** 713-227-4747
**City/State/Zip:** Houston, Texas 77007
**Fax:** 713-621-5900
**Signature:** /s/
**State Bar No:** 00789774

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): Janice Crowder

Defendant(s)/Respondent(s): Lexington Insurance, Richard Chamblee, US Adjusting Service, Clarence Porter

*[Attach additional page as necessary to list all parties]*

**Person or entity completing sheet is:**
- [X] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

**Additional Parties in Child Support Case:**
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**
*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract: _____

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [X] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract: _____

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:

- [ ] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability
  List Product: _____

- [ ] Other Injury or Damage: _____

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property: _____

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other: _____

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other: _____

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child: _____

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment: _____

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other: _____

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health
*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: _____

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [X] Over $1,000,000

Rev 2/13

Case 4:16-cv-03764   Document 1-3   Filed in TXSD on 12/30/16   Page 16 of 20

11/10/2016 10:39:14 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 13725577
By: EVANS, BONISHA E
Filed: 11/10/2016 10:39:14 AM

# CIVIL PROCESS REQUEST

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** _____    **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition

**FILE DATE OF MOTION:** _____
                          Month/   Day/   Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. **NAME:** Lexington Insurance Company through Texas Commissioner of Insurance
   **ADDRESS:** 333 Guadalupe Street, Austin, Texas 78701 - forward to 99 High Street, Fl. 23, Boston, MA 02110
   **AGENT,** (if applicable): David Mattax - Texas Commissioner of Insurance

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):
  ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
  ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
  ☒ MAIL                                ☐ CERTIFIED MAIL
  ☐ PUBLICATION:
     Type of Publication:  ☐ COURTHOUSE DOOR, or
                           ☐ NEWSPAPER OF YOUR CHOICE: _____
  ☐ OTHER, explain  Please mail to the attorney for service

*********************************************************************************************
****

2. **NAME:** Richard Chamblee
   **ADDRESS:** 6589 Ted Troud Dr., Lufkin, Texas 75904
   **AGENT,** (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):
  ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
  ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
  ☒ MAIL                                ☐ CERTIFIED MAIL
  ☐ PUBLICATION:
     Type of Publication:  ☐ COURTHOUSE DOOR, or
                           ☐ NEWSPAPER OF YOUR CHOICE: _____
  ☐ OTHER, explain  Please mail to the attorney for service.

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**
**NAME:** Daniel P. Barton                     **TEXAS BAR NO./ID NO.** 00789774
**MAILING ADDRESS:** 1201 Shepherd Drive, Houston, Texas 77007
**PHONE NUMBER:** 713  227-4747          **FAX NUMBER:** 713  621-5900
                area code  phone number                area code  fax number
**EMAIL ADDRESS:** lea@bartonlawgroup.com

Page 1 of 2

CIVCI08 Revised 9/3/99

# CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____  CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Plaintiff's Original Petition

FILE DATE OF MOTION: _____
                       Month/    Day/    Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: US Adjusting Services
   ADDRESS: 4090 S. Regent St., Wichita Falls, Texas 76308
   AGENT, (if applicable): Sue Hamilton - CEO

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- [ ] ATTORNEY PICK-UP
- [ ] CONSTABLE
- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- [X] MAIL
- [ ] CERTIFIED MAIL
- [ ] PUBLICATION:
   Type of Publication: [ ] COURTHOUSE DOOR, or
                        [ ] NEWSPAPER OF YOUR CHOICE:
- [ ] OTHER, explain: Please mail to the attorney for service

*********************************************************************************
****

2. NAME: Clarence Porter
   ADDRESS: 6350 Garner, Groves, Texas 77619
   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- [ ] ATTORNEY PICK-UP
- [ ] CONSTABLE
- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- [X] MAIL
- [ ] CERTIFIED MAIL
- [ ] PUBLICATION:
   Type of Publication: [ ] COURTHOUSE DOOR, or
                        [ ] NEWSPAPER OF YOUR CHOICE:
- [ ] OTHER, explain: Please mail to the attorney for service.

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Daniel P. Barton            TEXAS BAR NO./ID NO. 00789774
MAILING ADDRESS: 1201 Shepherd Drive, Houston, Texas 77007
PHONE NUMBER: 713 / 227-4747       FAX NUMBER: 713 / 621-5900
              area code / phone number        area code / fax number
EMAIL ADDRESS: lea@bartonlawgroup.com

Page 1 of 2

CIVCI08 Revised 9/3/99

12/20/2016 10:55:55 AM
Chris Daniel - District Clerk Harris County
Envelope No. 14375157
By: ALEX CASARES
Filed: 12/20/2016 10:55:55 AM

CAUSE NO. 201677977

RECEIPT NO. 0.00 MTA
********** TR # 73311289

PLAINTIFF: CROWDER, JANICE | In The 80th
vs. | Judicial District Court
DEFENDANT: LEXINGTON INSURANCE COMPANY | of Harris County, Texas
| 80TH DISTRICT COURT
| Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: PORTER, CLARENCE
    6350 GARNER GROVES TX 77619

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 10th day of November, 2016, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 15th day of November, 2016, under my hand and seal of said Court.

Issued at request of:
BARTON, DANIEL PATRICK
1201 SHEPHERD DRIVE
HOUSTON, TX 77007
Tel: (713) 227-4747
Bar No.: 789774

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CHAMBERS, WANDA RENEE ULW//10536217

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.
Executed at (address) _____ in
_____ County at _____ o'clock ____.M., on the _____ day of _____,
_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying copy(ies) of the Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                                    _____County, Texas

                                                    By _____
_____                                              Deputy
     Affiant

**AFFIDAVIT ATTACHED**

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                                    _____
                                                           Notary Public

N.INT.CITE.P                    *73311289*

## SERVICE AFFIDAVIT
### No. 201677977

| | | |
|---|---|---|
| **JANICE CROWDER** | : | IN THE DISTRICT COURT OF |
| | : | |
| VS | : | HARRIS COUNTY, TEXAS |
| | : | |
| **LEXINGTON INSURANCE COMPANY** | : | 80TH JUDICIAL DISTRICT |
| | : | |
| | : | |

On this the 15th Day of December, 2016, **Joseph Morse** appeared before me, the undersigned Notary Public and after being duly sworn, deposed and stated as follows:

1. My name is **Joseph Morse**. I am over eighteen (18) years of age and am fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are true and correct.

2. I am a Certified Civil Process Server authorized under written order of the Supreme Court of Texas service civil process in the State of Texas, including Harris County.

3. I was employed to serve the defendant a copy of **Citation & Plainitff's Original Petition.**

4. I am not a party to this case and I have no interest in the outcome of this case.

5. I have never been convicted of a felony or misdemeanor in any City, State or Federal Jurisdiction.

Came to Hand at 10:00AM on 12/06/2016. **Served at 6350 Garner, Groves, Texas 77619 in Jefferson County on 12/10/2016 at 1:43PM. I served via Certified Mail (7016 0910 0000 2276 2663)** a copy of the Citation & Plainitff's Original Petition to defendant **Clarence Porter**.

**Joseph Morse**
State Certified Civil Process Server
SCH000003036
Exp: September 30, 2019

STATE OF TEXAS
COUNTY OF HARRIS

BEFORE ME, the undersigned authority, in and for said county and state, on this the 15th of December, 2016 personally appeared **Joseph Morse,** known to me, after being identified through the driver's license, to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that the statements contained in the foregoing affidavit are true and correct.

SUBSCRIBED AND SWORN TO ME on this the 15th of December, 2016.

ADRIAN LIRA
Notary Public, State of Texas
My Commission Expires
March 04, 2019

Notary Public in and for the State of Texas

44526.001

English     Customer Service     USPS Mobile        Register / Sign In



USPS.COM

# USPS Tracking®

**Still Have Questions?**
Browse our FAQs ›

Get Easy Tracking Updates ›
Sign up for My USPS.

Tracking Number: 70160910000022762663

Updated Delivery Day: Saturday, December 10, 2016

## Product & Tracking Information

**Postal Product:**    **Features:** Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| December 10, 2016, 1:43 pm | Delivered, Left with Individual | GROVES, TX 77619 |

Your item was delivered to an individual at the address at 1:43 pm on December 10, 2016 in GROVES, TX 77619.

| December 10, 2016, 8:43 am | Out for Delivery | GROVES, TX 77619 |
| December 10, 2016, 8:33 am | Sorting Complete | GROVES, TX 77619 |
| December 10, 2016, 8:13 am | Arrived at Unit | GROVES, TX 77619 |
| December 10, 2016, 6:33 am | Departed USPS Facility | BEAUMONT, TX 77707 |
| December 9, 2016, 11:06 pm | | |
| December 8, 2016, 11:37 pm | | |

## Available Actions

Text Updates

Email Updates

### Track Another Package

Tracking (or receipt) number



SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Clarence Porter
6350 Garner
Groves, Tx. 77619

9590 9402 1742 6074 4188 68

2. Article Number (Transfer from service label)

7016 0910 0000 2276 2663

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

44526-1

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt